110 N.J. Super. 337 (1970)
265 A.2d 553
STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT,
v.
IN THE INTEREST OF J.M., JUVENILE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1970.
Decided May 18, 1970.
*338 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Edward M. Weisslitz, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. George A. Cluff, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
PER CURIAM.
This is an appeal from a Juvenile and Domestic Relations Court order adjudging J.M. a delinquent and commiting him to the Youth and Correction Center at Yardville. He had been charged under a juvenile delinquency complaint with "possession of narcotics paraphernalia, namely a hypodermic needle and an eyedropper."
Although the complaint does not specifically mention that the juvenile violated N.J.S.A. 2A:170-77.5, nor does the order of commitment, the case was tried in the light of that *339 statute, and the arguments advanced on appeal center upon it. N.J.S.A. 2A:170-77.5 provides:
It shall be unlawful for any person * * * to have under control or possess a hypodermic syringe, hypodermic needle or any other instrument adapted for the use of narcotic drugs by subcutaneous injections with intent to use such syringe, needle or instrument for such purpose, * * *. [Italics added]
It is conceded that the State had to establish two things: first, that the paraphernalia found in the possession of J.M. was adapted for the use of narcotic drugs by way of subcutaneous injection and, second, that he intended to use the paraphernalia for that purpose. Since a penal statute must be strictly construed, the failure of the State to establish specific intent would require a judgment in favor of the juvenile.
Our review of the record convinces us that the State failed to establish, beyond a reasonable doubt  see Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (March 31, 1970)  that J.M. intended to use the hypodermic needle and eyedropper for subcutaneous injection.
Juvenile matters are ordinarily handled in an informal manner, and especially was this so in the present case. But informality does not relieve the State from proving the charge as brought and as actually tried.
Incidentally, if there was proof that J.M. was involved in the larceny of a radio  the matter which led to his apprehension and the discovery of the presence of the narcotic paraphernalia in the lining of his jacket  or any other evidence of an offense under N.J.S.A. 2A:4-14, a proper complaint so alleging should have been brought against him.
Reversed.